1

2

3

4

5

6

FILED & ENTERED

AUG 23 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum        DEPUTY CLERK

7        **NOT FOR PUBLICATION**

8        **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA**

10        **LOS ANGELES DIVISION**

| 11 | In re: | Case No. 2:16-bk-19089-RK |
| 12 | LYDIA CHO, | Chapter 7 |
| 13 | Debtor. | Adv. No. 2:16-ap-01307-RK |
| 14 | | **ORDER REMANDING THIS REMOVED** |
| 15 | LYDIA CHO, | **UNLAWFUL DETAINER ACTION TO** |
|    | Plaintiff, | **STATE COURT** |
| 16 | | |
| 17 | v. | |
|    | MARMAY INC., | |
| 18 | Defendant. | |
| 19 | | |
| 20 | | |

21        By notice of removal filed on July 8, 2016, Debtor Lydia Cho ("Debtor") removed

22    an unlawful detainer action entitled *Marmay, Inc. v. Byung Kim* (Case No. 30-2016-

23    00833678-CL-UD-NJC) pending before the Superior Court of California, County of

24    Orange ("Unlawful Detainer Action") to this court, which action was entered on this court's

25    docket as an adversary proceeding.  On August 16, 2016 at 1:30 p.m., a status

26    conference regarding the removal of the Unlawful Detainer Action to this court was

27    conducted by the undersigned United States Bankruptcy Judge.  No appearances were

28    made by or on behalf of Debtor and Marmay, Inc. at the status conference on August 16,

1    2016.   Although the case docket for this adversary proceeding does not reflect any proof

2    of service of the notice of removal on the responding party, Marmay, Inc., the plaintiff in

3    the unlawful detainer action, the case docket reflects that Debtor was served with the

4    court's order for status conference filed on July 11, 2016, requiring all parties to appear

5    for the status conference set for August 16, 2016.  Despite the order for status

6    conference, Debtor failed to appear at the status conference.

7         By order entered on July 26, 2016, the court dismissed the underlying bankruptcy

8    case of Debtor.  Having determined that the underlying bankruptcy case of Debtor has

9    been dismissed, the court determines that there is no bankruptcy purpose for this court to

10   hear the removed unlawful detainer action which raises only noncore state law claims

11   and that there is no longer any bankruptcy case that is being administered.  *See,* 11

12   U.S.C. § 349(b); *Nash v. Kester (In re Nash),* 765 F.2d 1410, 1414 (9th Cir. 1985)(noting

13   the legislative history for 11 U.S.C. § 349(b) that "[t]he basic purpose of the subsection is

14   to undo the bankruptcy case, as soon as practicable, and to restore all property rights to

15   the position in which they were found at the commencement of the case."), *citing,* S. Rep.

16   No. 989, 95th Cong., 2nd Sess. 49, *reprinted in,* 1978 U.S. Code Cong. & Adm. News

17   5787, 5835.  Accordingly, pursuant to 28 U.S.C. § 1452(b), the court on its own motion

18   remands this removed Unlawful Detainer Action, now an adversary proceeding before

19   this court, to the Superior Court of California, County of Orange.  *In re Bisno,* 433 B.R.

20   753, 758 (Bankr. C.D. Cal. 2010).

21        **IT IS SO ORDERED.**                    ###

22

23

Date: August 23, 2016

24                                        _____
                                          Robert Kwan
25                                        United States Bankruptcy Judge

26

27

28